UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BARRY ADDISON GRAY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 2:19-cv-00261-JPH-MJD |
| T. J. WATSON, | ) ) ) | |
| Respondent. | ) | |

**Order Granting Motion to Dismiss**

Barry Addison Gray, an inmate currently incarcerated at the United States Penitentiary—Terre Haute, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. He contends that he should be in the custody of the State of Tennessee, rather than federal custody, because his federal sentence was to run consecutively to several sentences imposed in various state courts. *See* dkt. 1 at 8-10.

On July 9, 2019, the respondent moved to dismiss Mr. Gray's petition, arguing that this collateral proceeding presents the same challenges that were considered and rejected by the United States District Court for the District of Arizona in cause number 4:13-cv-01057-JGZ-CRP. Dkt. 5; dkt. 6. Mr. Gray has not responded to the motion to dismiss.

The duplication of collateral challenges is not proper. The Antiterrorism and Effective Death Penalty Act of 1996 prohibits the filing of repeated habeas petitions that attack the petitioner's underlying conviction or sentence. Specifically, "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A statute, 28 U.S.C. § 2244(a), "prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has

1

previously been presented to the federal court for determination, such as when challenged by way of federal collateral review." *Farrugia v. Warden, USP-Terre Haute*, No. 2:13-cv-104-WTL-MJD, 2015 WL 1565008, *5 (S.D. Ind. Apr. 7, 2015); *see also Valona v. United States*, 138 F.3d 693, 694-95 (7th Cir. 1998) (noting that "§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence"); *Schaefer v. Bezy*, 199 F. App'x 548, 551 (7th Cir. 2006).

Mr. Gray brings this petition following the filing and adjudication of a prior petition for a writ of habeas corpus. In his petition filed with in the United States District Court for the District of Arizona, he argued that he should be in the custody of the State of Tennessee because the sentencing court ordered that his federal sentence run consecutively to the undischarged state sentences. *See* 4:13-cv-01057-JGZ-CRP, dkt. 8. The district court adopted the magistrate judge's Report and Recommendation rejecting Mr. Gray's arguments. *Id.* at dkt. 29; dkt. 32. Mr. Gray presents the same arguments in his § 2241 petition filed in this Court. *See* dkt. 1. As discussed above, Mr. Gray may not file successive § 2241 petitions directed at the same issue.

For these reasons, the respondent's motion to dismiss, dkt. [5], is **granted**. Mr. Gray's petition for a writ of habeas corpus is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 8/23/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BARRY ADDISON GRAY
30812-048

2

TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov